## 43388. MARIETTA RECOVERY GROUP, INC. v. FINANCIAL PROPERTIES DEVELOPERS, INC. et al.

(347 SE2d 596)

GREGORY, Justice.

Financial Properties Developers, Inc. (Developers) filed an interpleader action, paid funds into the court registry and sought discharge from a dispute involving Ernest Scherer, Michael Farrand and Marietta Recovery Group, Inc. (Group). The trial court granted Developers' motion for discharge. We affirm.

The dispute revolves around a tract of land known as Riverland. At one time, Group owned Riverland but sold it to Farrand, a Group employee. On May 13, 1982, Group filed suit against Farrand and others in United States District Court alleging Farrand had used funds embezzled from Group as part of the purchase price for Riverland. On May 26, 1982, Farrand sold Riverland to Scherer and received a $178,499.60 note and a deed to secure debt. On June 29, 1982, Group filed in Fulton County a lis pendens in connection with its suit against Farrand.

On November 30, 1983, Scherer sold Riverland to Developers. The purchase was financed with a wrap around arrangement, including a note and deed to secure debt, under which Developers agreed to pay Farrand on his note while also paying Scherer. On June 20, 1984, Group sent letters to Scherer and Developers demanding they direct all payments on Riverland to Group.

On February 1, 1985, Developers filed the interpleader action naming Group, Farrand and Scherer as defendants. At the time, Developers paid into the court registry $184,394.70, which represented the balance of its debt on Riverland. The trial court granted a motion by Developers for discharge. The court found that Scherer and Developers were bona fide purchasers without notice and that the lis pendens was not effective. The court also ordered the deeds to secure debt of Scherer and Farrand cancelled.

1. Group contends it is entitled to a constructive trust on Riverland by virtue of Farrand's alleged illegal activity. Group further contends Scherer had actual knowledge of its claim to the land and Developers had constructive knowledge, and thus the trial court erred in granting the motion to discharge Developers.

Group argues Developers had constructive notice because a lis pendens was filed on June 29, 1982 giving record notice of Group's suit against Farrand. However, Farrand had conveyed Riverland to Scherer 34 days earlier on May 26, 1982. When the lis pendens was filed Farrand did not have record title to the land and the notice was outside the chain of title.

Group argues that since Developers' financing arrangement with Scherer included a wrap around provision containing Farrand's deed

to secure debt, Farrand had a continuing interest that placed him within the chain of title. We do not agree. The chain of title with respect to which lis pendens is effective passed with the warranty deed from Farrand to Scherer. The lis pendens filed after the warranty deed was outside the chain of title and did not constitute constructive notice to the subsequent purchaser, Developers. See State Bar of Georgia Title Standards, Ch. 2, §§ 2.1 and 2.2, Code Ann. Ch. 85-2 Appen.

Since Developers purchased the land for value and without notice, it follows that it took title free of the claim of Group. Thus, the trial court did not err in granting its motion for discharge. Because Developers was a protected bona fide purchaser without notice of Group's claim, we need not reach Group's contention that Scherer had actual knowledge of Group's claim when he purchased.

2. Developers and Scherer have filed motions for damages for frivolous appeal and delay. The motions are denied.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 3, 1986.

*Land, McKnight & Newlin, Robert H. McKnight, Jr.,* for appellant.

*Morris, Manning & Martin, Richard P. Reinhart, David W. Porter, James M. Crawford, Smith, Gambrell & Russell, E. Kendrick Smith,* for appellees.